**Suren ASATRYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73555.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Suren Asatryan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Suren Asatryan, a native of Iran and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Asatryan's treatment at the hands of Armenian police did not rise to the level of persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Furthermore, the record supports the BIA's determination that the seizure of Asatryan's gas station by authorities did not amount to persecution on a statutorily enumerated ground, as Asatryan was arrested for the crime of illegally importing gasoline. *See Blanco–Lopez v. INS,* 858 F.2d 531, 533 (9th Cir.1988) (holding that "criminal prosecution does not amount to political persecution.").

As Asatryan is unable to meet his burden of proof for establishing asylum, he necessarily fails to meet the higher burden of proof for establishing withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the agency's denial of relief under CAT because Asatryan did not establish that it was more likely than not that he would be tortured if returned to Armenia. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.